¶ 33. This Court has held that "[v]erdicts are to be founded upon probabilities according to common knowledge, common experience, and common sense, and not upon possibilities; and a verdict cannot convert a possibility or any number of possibilities into a probability." Elsworthv. Glindmeyer, 234 So.2d 312, 319 (Miss. 1970). Furthermore, a jury's findings of fact must be "set aside when . . . [they are] clearly or manifestly against all reasonable probability." Id.
 ¶ 34. In the present case, the jury's determination that Floyd was not at fault for the accident is "against all reasonable probability." The overwhelming weight of the evidence showed that Floyd was speeding before she slammed on her brakes and collided with Fleming. Fleming's expert witness, Bowman, testified that, based on the tests he conducted at the scene of the accident, Floyd was traveling at least forty-seven miles per hour when she began to skid. Moreover, Floyd's vehicle left a ninety-four-foot skid mark on the road. According to Bowman, the skid mark would have been only forty-three feet if Floyd had been going thirty miles per hour. No evidence was presented to demonstrate how Floyd could have left a ninety-four-foot skid mark if she had been driving within the speed limit. The only evidence that Floyd was not speeding was her own self-serving testimony and the investigating officer's accident report. Because there was absolutely no evidence indicating that the officer's opinion that Floyd was not speeding was reliable or remotely accurate, his opinion was entitled to very little weight.
 ¶ 35. Furthermore, the evidence presented at trial that Floyd's speeding was a proximate cause of the accident was also overwhelming. Clearly, if Floyd had been traveling within the speed limit, she would not have skidded as far as she did and crashed into Fleming. Moreover, Fleming would have had more time to pull out of her driveway into the westbound lane and avoid the accident if Floyd had been going slower.
 ¶ 36. The jury's finding that Fleming failed to yield the right of way to Floyd and that this failure was a proximate cause of the accident was supported by the evidence. However, the jury's apportionment of fault solely to Fleming was contrary to the overwhelming weight of the evidence. In light of the physical evidence and the uncontroverted testimony of Fleming's expert witness, the jury's refusal to apportion any fault to Floyd strains credulity.
 ¶ 37. The jury's verdict in this case was not founded upon probabilities, but upon the extremely unlikely possibility that Floyd was not speeding. To allow the jury's verdict to stand "would [be to] sanction an unconscionable injustice."Herrington v. Spell, 692 So.2d 93, 104 (Miss. 1997) (citations omitted). Accordingly, the verdict should be set aside. Id.
 ¶ 38. I would affirm the judgment of the Court of Appeals, reverse the judgment of the circuit court and remand the *Page 881 
case for a new trial. Therefore, I respectfully dissent.
GRAVES, J., JOINS THIS OPINION.